SNYDER v. NEW YORK CENT. & H. R. R. CO.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 116.

MASTER AND SERVANT (§ 286*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —SAFE PLACE TO WORK.

Plaintiff's intestate, while working with others at night in defendant's railway tunnel making alterations, was struck and killed by a passing train. There was a narrow space in which the men could work in safety, but the tunnel was filled with smoke and only lighted by torches carried

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the men. *Held*, that the fact that defendant had provided a safe place to work, provided the men kept carefully within it, did not relieve it from liability as matter of law, but that it was a question for the jury whether, under all the facts, it should not have taken further precautions by rules or regulations to warn the workmen of the approach of trains.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

In Error to the Circuit Court of the United States for the District of New York.

Action by Henry Snyder, administrator, against the New York Central & Hudson River Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

I. H. Harris (Arthur Ofner, of counsel), for plaintiff in error.

Charles C. Paulding (R. A. Kutschbock, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The plaintiff's intestate was one of a gang of laborers who were working in the defendant's tunnel running north and south under Park avenue, New York City. It contains four tracks numbered from east to west 1 to 4. Tracks Nos. 1 and 4 are walled in; the walls having holes about 10 feet apart to admit air and let out smoke of passing trains so that it may escape through the openings between the streets running east and west, over tracks Nos. 2 and 3. The decedent's gang was engaged in drilling holes in the wall between tracks Nos. 1 and 2 to receive an electrical equipment. To do this it was necessary for the men to work from a scaffold of loose planks laid on wooden horses placed against the wall on track 2 on which no trains were allowed to run. As the work proceeded, it was necessary from time to time to move the scaffold, and to do this the planks had to be taken off and laid in the space between tracks Nos. 2 and 3 called the "Six Foot," although it appears to have been little over five feet wide; then the horses had to be moved and the planks picked up and placed upon them again. Tracks Nos. 1, 3, and 4 were in use. The overhang of the cars is from 2½ to 2¾ feet, so that it will be seen that when trains passed on track No. 3 a safe space of only 2½ feet or less was left in the Six Foot between tracks 2 and 3.

April 23, 1906, at 11:50 p. m., when there was no light in the tunnel except the torches carried by the men, and when, according to some of the testimony, it was filled with smoke, the deceased, while picking up the end of a plank in the Six Foot and looking south, was struck on the head by a train coming north on track No. 3 and instantly killed. The complaint states a cause of action good both under the New York employer's liability act of 1902 (Laws 1902, c. 600) and at common law. The trial judge held as matter of law that the defendant had furnished the deceased with a safe space, though a small one, in which to work, because if he had kept on the east side of the middle line of the Six Foot he would not have been hit. Accordingly, his death being due

to no negligence on the part of the defendant, a verdict was directed in its favor. But we do not think that the only place which can be regarded as unsafe is one where the workmen must get into a situation of danger in doing their work. In this dark and noisy tunnel a very slight inattention would expose them to the loss of life or limb, and we think it was a question for the jury to determine on all the facts whether the defendant should not have taken precaution by rules or regulations to warn the workmen of the approach of trains.

The judgment is reversed.